UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AQUA 2 ACQUISITION, INC., d/b/a
AUTOQUAL USA,

    Plaintiff,

-vs-                                    Case No. 11-10408
                                         Hon: AVERN COHN

AUTOQUAL OF MID-MICHIGAN, INC.,

    Defendant.

_____/

**MEMORANDUM AND ORDER**
**REGARDING DAMAGES AND ATTORNEY'S FEES**

On February 22, 2012, the Court filed its Memorandum And Order Of Contempt (Doc. 27), finding James Clement (Clement) in contempt for operating a business in violation of an Arbitration Award (Award) (Doc. 7-2). The Award was directed to defendant and "each of its officers [etc.]." Clement himself was not a named party to the arbitration proceedings; nor was he a named defendant in this case. The Court concluded its decision by stating:

> What remains to be decided are Petitioner's claims for damages and attorney's fees. Both are in order given the Court's finding of contempt. *See, Elec. Workers Pension Trust Fund of Local Union 58, IBEW, et al. v. Gary's Electric Service Co.*, 340 F.3d 373 (6th Cir. 2003) (damages) and *TWM Mfg. Co., Inc. v. Dura Corp.*, 722 F.2d 1261 (6th Cir. 1983) (attorney's fees). As such, Respondents have ten (10) days in which to respond to Petitioner's request.

Defendant, in a post-hearing brief, responding to petitioner's request for damages and attorney's fees (Doc. 28), argues against an award for damages and for attorney's fees. Plaintiff, in a post-hearing brief (Doc. 30), takes a contrary position.

After a careful review of the arguments for and against an award of damages and for attorney's fees, as well as a re-read of the authorities cited in the Memorandum And Order Of Contempt, the Court concludes that the circumstances of the record following the Award mitigate against an award of damages and attorney's fees. While Clement continued to operate a competitive business following the Award, he did not trade on plaintiff's name. No evidence was adduced at the contempt hearing of actual damages incurred by plaintiff.

As to attorney's fees, such an award is within the Court's discretion. The Court is satisfied that, on the record made, an award of attorney's fees is not in order. Each party shall bear its own attorney's fees and expenses.

An award of damages and attorney's fees is DENIED.

SO ORDERED.


Dated: April 10, 2012              S/Avern Cohn
                                                                AVERN COHN
                                                                UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, April 10, 2012, by electronic and/or ordinary mail.

                                                                        S/Julie Owens
                                                                     Case Manager, (313) 234-5160